IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE N.E.C.A. - IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION, AND TRAINING TRUST FUNDS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 26-cv-356 |
| vs. | ) ) ) | |
| TRI-TECH ELECTRIC, INC., a dissolved Illinois corporation, and ELIZABETH ZUPANCIC, Individually, d/b/a TRI-TECH ELECTRIC, INC. | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs, by their attorneys, ARNOLD AND KADJAN, LLP, and Paul M. Egan, complain against Defendants as follows:

## **JURISDICTION AND VENUE**

1.      (a)      Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

(b)      Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered and 29 U.S.C. Section 185(c).

## PARTIES

2.　　(a)　　The Plaintiffs in this count are N.E.C.A. – IBEW LOCAL 176 HEALTH, WELFARE, PENSION, VACATION AND TRAINING TRUST FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. 1132(a)(3).

　　　　(b)　　The Pension Fund, Welfare Fund and Vacation Fund (together called "the Funds") have been established pursuant to collective bargaining agreements heretofore entered into between the International Brotherhood of Electrical Workers Local 176 (the "Union") and certain employer associations whose members employ members of the Union.

　　　　(c)　　The Funds are maintained and administered in this judicial district in accordance with and pursuant to the provisions of ERISA and the National Labor Relations Act, as amended, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds which are adopted and incorporated by reference into the collective bargaining agreement.

3.　　(a)　　TRI-TECH ELECTRIC, INC., a dissolved Illinois corporation (hereafter "TRI-TECH"), employs employees represented by the Union and is bound to make contributions for hours and weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

　　　　(b)　　TRI-TECH has its principal place of business in Romeoville, Illinois.

　　　　(c)　　TRI-TECH is an employer engaged in an industry affecting commerce.

4.　　Since on or about January 12, 1995, Defendant, TRI-TECH. executed a LETTER OF ASSENT, a copy of which is attached hereto, which authorized the Eastern Illinois Chapter, National Electrical Contractor's Association, Inc. (hereafter "NECA") as TRI-TECH's collective bargaining

representative for all matters contained in or pertaining to the collective bargaining agreement then in force, and thereafter, between NECA and the Union.

5.      Since before 1972, NECA, a multi-employer bargaining association authorized to negotiate and execute collective bargaining agreements on behalf of its members and authorizing employers, has entered into successive collective bargaining agreements with the Union on behalf of its members, including Defendant, TRI-TECH.

6.      By virtue of certain provisions contained in the collective bargaining agreements and Declarations of Trust, Defendant has agreed to make fringe benefit contributions on behalf of certain of its employees, calculated in relation to the gross wages of said employees, and when given reasonable notice by the Trustees of said Funds or the Trustees' representatives, has agreed to submit its books and records to an independent auditor to determine whether or not said Defendant is in compliance with its duties under ERISA, 29 U.S.C. §1132(g)(2)(A), the various collective bargaining agreements and the Declarations of Trust to which Defendant has assented.

7.      In the event a delinquency is shown to be due and owing, Defendant has agreed to be liable for all costs, ten percent delinquency penalty and reasonable attorneys' fees.

8.      Independent of said Declarations of Trust to which Defendant has assented, Defendant is liable for costs pursuant to 29 U.S.C. §1132(g)(2)(E), a twenty percent penalty in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

9.      Since January 1, 2018, Defendant, TRI-TECH, on information and belief, has admitted, acknowledged and ratified the collective bargaining agreements entered into between NECA and the Union by the filing of periodic report forms with the Funds and by its making some but not all of the periodic payments to the Funds as required by such agreements.

3

10.    Plaintiffs are advised and believe that since on or about January 1, 2018, Defendant, TRI-TECH, has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements by which it was bound, all in violation of its contractual obligations and its obligations under the applicable state and federal statutes.

11.    Plaintiffs have made demand for an audit to be performed on Defendant TRI-TECH's complete books and records for the period from January 1, 2018 forward, but Defendant has failed and refused to produce all the required records.

12.    By virtue of the foregoing, Plaintiffs and Defendant's employees on whose behalf Plaintiffs are acting as fiduciaries have been damaged in an amount yet to be determined.

WHEREFORE, Plaintiffs pray:

A.    Defendants be ordered to allow an audit of their books and records for the period from January 1, 2018 through the present.

B.    That judgment be entered for Plaintiffs and against Defendant TRI-TECH, in the amount shown to be due under the audit pursuant to 29 U.S.C. §1132(g)(2)(A) and the aforesaid Declarations of Trust.

C.    That Plaintiffs be awarded their costs herein, as follows:

(1)    Twenty percent in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), and the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(2)    A ten percent penalty pursuant to the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

4

(3)     Audit costs pursuant to 29 U.S.C. §1132(g)(2)(E), and the collective bargaining agreements and trust declarations to which Defendant has assented;

(4)     Attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and the collective bargaining agreements and trust declarations to which Defendant has assented; and

(5)     Prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

D.     That pending final determination of this cause, Defendant, TRI-TECH, be enjoined from violating the aforesaid collective bargaining agreements and enjoined from failing to make timely payments to the Funds as set forth; and that upon final adjudication of the cause Defendant, TRI-TECH, be permanently so enjoined.

E.     That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

## COUNT II

Plaintiffs complaining against Defendant ELIZABETH ZUPANCIC, Individually, d/b/a TRI-TECH ELECTRIC, INC. personally and individually, state as follows:

13.     Plaintiffs incorporate paragraph 1-12 of Count I as applicable and reiterate the same as if fully set forth herein.

14.      Defendant, ELIZABETH ZUPANCIC, Individually, d/b/a TRI-TECH ELECTRIC, INC. is the President of TRI-TECH.  On information and belief, ELIZABETH ZUPANCIC, is an individual who resides within this jurisdictional district.

15.     On or about August 8, 2025, TRI-TECH was dissolved by the State of Illinois, Secretary of State.  To the extent that ELIZABETH ZUPANCIC conducted business in the name of TRI-TECH, beginning August 8, 2025, ELIZABETH ZUPANCIC would be personally liable for any amounts owed by TRI-TECH for the period from August 8, 2025 through the present.

16.     Since August 8, 2025, Defendant ELIZABETH ZUPANCIC, Individually, d/b/a

TRI-TECH ELECTRIC, INC, is personally liable for any unpaid contributions costs and reasonable

attorneys' fees arising from Plaintiffs' actions to collect said delinquency pursuant to Article VIII,

Section 1 of Amendment No. 3 of the Pension Fund Declarations of Trust and, Article I, Part V,

Section 5 of the Health and Welfare Fund Declarations of Trust, to which both he and Defendant,

TRI-TECH. have assented, to wit,

> "Where an audit discloses a difference between hours actually worked by an Employee
> nd hours reported to the Trust by his Employer, and where such audit discloses any
> willful violation of any of the requirements of this Trust Agreement or rules and
> regulations adopted in connection herewith, the officers and directors of such Employer,
> if a corporation, or the owner or partners of such Employer, as applicable, shall be
> personally liable for any underpayment or other pecuniary loss to the Fund attributable
> to such conduct."

WHEREFORE, Plaintiffs pray:

A.     Defendants be ordered to allow an audit of their books and records for the period

from through the president.

B.     That judgment be entered for Plaintiffs and against Defendant ELIZABETH

ZUPANCIC, Individually, d/b/a TRI-TECH ELECTRIC, INC. in the amount shown to be due under

the audit pursuant to 29 U.S.C. §1132(g)(2)(A) and the aforesaid Declarations of Trust.

C.     That Plaintiffs be awarded their costs herein, as follows:

(1)     Twenty percent in liquidated damages pursuant to 29 U.S.C.

§1132(g)(2)(C)(ii), and the aforesaid collective bargaining agreements and trust

declarations to which Defendant has assented;

(2)     A ten percent penalty pursuant to the collective bargaining agreements and

trust declarations to which Defendant has assented;

6

(3)     Audit costs pursuant to 29 U.S.C. §1132(g)(2)(E), and the collective bargaining agreements and trust declarations to which Defendant has assented;

(4)     Attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and the collective bargaining agreements and trust declarations to which Defendant has assented; and

(5)     Prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

D.     That pending final determination of this cause, Defendant ELIZABETH ZUPANCIC, Individually, d/b/a TRI-TECH ELECTRIC, INC. be enjoined from violating the aforesaid collective bargaining agreements and enjoined from failing to make timely payments to the Funds as set forth; and that upon final adjudication of the cause Defendant ELIZABETH ZUPANCIC, Individually, d/b/a TRI-TECH ELECTRIC, INC.

E.     That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

Respectfully submitted,

TRUSTEES OF THE N.E.C.A. – IBEW LOCAL 176
HEALTH, WELFARE, PENSION,
VACATION AND TRAINING TRUST FUNDS


By: s/ Paul M. Egan
        One of their Attorneys


Paul M. Egan
ARNOLD AND KADJAN, LLP
35 E. Wacker Dr., Suite 600
Chicago, IL  60601
(312) 236-0415

7